NEW HARBOR PROTECTION Co. *v.* STEAMER CHARLES P. CHOUTEAU.

(*District Court, D. Louisiana.*   January, 1881.)

**1. SALVAGE—BURNING VESSEL—SERVICES DECLINED.**
    Salvage cannot be claimed for aid tendered a burning vessel, when such assistance was absolutely declined.

**2. SAME—ATTEMPT TO COMPEL ACCEPTANCE OF SERVICES.**
    An attempt to compel an acceptance of such aid will forfeit all right to compensation for expenses incurred in going to the relief of the burning vessel.—[ED.

In Admiralty.

On the twenty-fourth day of March, 1880, about 8:15 P. M., a fire was discovered, which had originated in some bales of jute stored on the larboard guards of the Charles P. Chouteau, some 50 feet aft of the boilers.   The officers and crew immediately assembled and commenced to put it out, and in about two minutes the fire-engines of the boat were in operation and playing three streams of water on the fire.   Two Babcock extinguishers were also playing on the flames, and the crew were so alive and vigilant that in about five minutes after the fire was discovered it was put out by their efforts, without aid from any one else.   Soon after the fire was discovered the watchman rang the bell several times as a signal to the pilot to stop the boat.   The sound of this bell, and the smoke rising from the flames, drew to the scene the Protector, a fire-boat belonging to libellants, which is always kept in a state of readiness to render service at any point on the city front.   Although the fire was nearly extinguished, the Protector came along-side, and, without any hailing or the usual inquiry if any aid was needed, endeavored to force her aid in putting out the remainder of the fire.   The captain of the Chouteau told the crew of the Protector that he did not need their aid, and ordered them to desist.   In spite of this order, they began to pump water on the burning vessel, whereupon the captain of the latter threatened to shoot them if they did not stop.   The Protector was finally driven off,

and returned to her station. The damages by fire were so slight that the consignees of the freight received it without any claims for losses. A few days later the owners of the Protector filed a libel for salvage.

*M. M. Cohen*, for libellant.

*A. Micon*, for claimant.

BILLINGS, D. J. A large amount of testimony has been taken in this case to ascertain the amount of services that were rendered by the Protector, and the circumstances under which they were rendered. The statements of the witnesses are very conflicting, but this much seems to be fully established: that although a bell was rung several times, and the Protector, thinking it an alarm-bell, responded to it, yet the captain of the burning boat absolutely refused to accept the aid of the libellant's boat. This, I think, it was competent for him to do. If the master of a burning vessel prefers to allow her to burn rather than to permit outside parties to extinguish the flames, he may do so. He has a perfect right to decline any assistance that may be offered him: he should not be assisted against his will.

Even if the crew of the Protector had rendered any services, which, it appears, they did not do, after having been ordered off by the captain of the Chouteau, they could not claim anything for such services. At first I was in some doubt as to whether the Protector was not entitled to recover the value of the fuel used in getting up steam, and for the labor employed in going to where the Chouteau was lying. Had she merely gone to the scene of the fire, offered her services in the usual manner, and, on the refusal of the captain of the burning vessel to accept them, returned to her wharf, I should have allowed her something for the labor and fuel expended in doing thus much; but the subsequent unjustifiable conduct of her crew in endeavoring to force their aid on an unwilling subject, deprived her of the right to demand compensation for what little she did do.